# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SHEILA Y. FREEMAN,

                    Plaintiff,

v.                                                    Case No. 04-C-803

SARA LEE CORPORATION,

                    Defendant.

# DECISION AND ORDER

Sheila Freeman ("Freeman") filed a pro se complaint against Sara Lee Corporation ("Sara Lee") on August 24, 2004. In her complaint, she alleged that Sara Lee discriminated against her on the basis of her sex. Specifically, her claim was based on a yelling match she had with her boss on January 23, 2004, and her subsequent termination on January 30, 2004.

Sara Lee responded to Freeman's complaint by filing a motion to dismiss, in which Sara Lee argued that Freeman's claim was not properly before the Court because Freeman never raised a sex discrimination claim before the EEOC. Freeman raised before the EEOC a race discrimination claim, which involved the same yelling match and termination that she complained of in her original complaint. After acquiring counsel, Freeman filed a motion to amend her complaint, alleging that Sara Lee discriminated against her on the basis of her race, rather than her sex, when she was terminated by Sara Lee.

Plaintiffs may amend their complaint "once as a matter of course at any time before a responsive pleading is served." FED .R. CIV. P. 15(a). A responsive pleading does not include a motion to dismiss. *See Duda v. Bd. of Ed. of Franklin Park Public School Dist. No. 84*, 133 F.3d 1054, 1056-1057 (7th Cir. 1998). However, the Court need not allow an amendment when the amendment would be futile. *Bethany Pharmaceutical Co. v. QVC*, 241 F.3d 854, 860-61 (7th Cir. 2001).

Sara Lee argues that the proposed amendment would be futile because the race discrimination claim that Sara Lee attempts to make in her amended complaint is time-barred. A plaintiff alleging a violation of Title VII of the Civil Rights Act of 1964 must file suit in federal court within 90 days of receiving her right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1). Here, Freeman's right-to-sue letter was issued on June 17, 2004. She filed her original complaint on August 24, 2004, which is well within the 90 day statute of limitations. However, Sara Lee argues that Freeman did not raise her race discrimination claim until she filed her motion to amend her complaint on June 10, 2005, which is well after the 90 day statute of limitations.

Because the federal rules are intended to "effectuate the general purpose of seeing that cases are tried on the merits and to dispense with technical procedural problems," amendments pursuant to Rule 15(c) are freely allowed. *Woods v. Indian Univ.-Purdue Univ. at Indianapolis*, 996 F.2d 880, 883 (7th Cir. 1993). Under Rule 15(c) "[a]n amendment of the pleading relates back to the date of the original pleading when . . . the claim . . . asserted in the amended pleading arose out of the same conduct, transaction, or occurrence set forth

or attempted to be set forth in the original pleading." The issue is, therefore, whether the claim in the amended complaint arose out of the same "conduct" as the original complaint, even if the legal theories are different.

In the instant action, the claim alleged in the amended complaint involves the exact same conduct as that described in the original complaint. She complains, in both her original and amended complaint, about an argument she had with her boss on January 24, 2004, and her subsequent termination as a result of that argument. While she alleged sex discrimination in her original complaint, and race discrimination in her amended complaint, both complaints involve the same "conduct, transaction, [and] occurrence," and as such, the Court must recognize her amended complaint as relating back to the time she filed her original complaint. Her claims in her amended complaint, therefore, are not time-barred, and Sara Lee's motion to dismiss must be denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Freeman's Motion to Amend Complaint (Docket # 17) is **GRANTED.** Freeman's Amended Complaint submitted on June 10, 2005 (Docket #18) is hereby deemed filed and made part of this record as of the date of this Order. Sara Lee **SHALL** serve an answer to Freeman's Amended Complaint.

Sara Lee's Motion to Dismiss (Docket # 12) is **DENIED.**

Dated at Milwaukee, Wisconsin this 9th day of September, 2005.

**BY THE COURT**


s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**